The document below is hereby signed.

Signed: November 25, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANK OSTROFF and MARIA T. | ) | Case No. 09-00594 |
| RAMIREZ OSTROFF, | ) | (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE OBJECTION TO
CLOSING BANKRUPTCY AND DISCHARGE OF TRUSTEE

On August 7, 2009, the debtors commenced this chapter 7 case (Dkt. No. 1) and claimed as exempt certain real property located at 3210 Volta Place, N.W., Washington, D.C. Thereafter, the debtors commenced an adversary proceeding seeking to declare the lien of American Home Mortgage as ineffective to reach 3210 Volta Place, tenancy by the entireties property, because only one debtor executed the deed of trust giving rise to the asserted lien. On September 10, 2009, the § 341 meeting of creditors was held and later that day the chapter 7 trustee issued a report of no distribution, requesting that he be discharged from further duties, and certifying pursuant to Fed. R. Bankr. P. 5009 that the bankruptcy estates in this joint case had been fully administered. Pursuant to Rule 5009, that gave rise to a

presumption that the case had been fully administered (and thus that, upon the court's discharging the trustee, the case would be ready to be closed under 11 U.S.C. § 350(a)).  Then, on November 5, 2009, creditor American Home Mortgage filed an objection to exemption and filed an objection to the closing of the case and discharge of the trustee.

In its motion, American Home Mortgage argues that it is improper to close the case and discharge the trustee because if the debtors succeed in their adversary proceeding and their exemption on 3210 Volta Place is overruled, then that property would be available for distribution to unsecured creditors, which would then include American Home Mortgage.  Because the period for objecting to the debtors' exemptions has expired under Fed. R. Bankr. P. 4003(b)(1), I overruled American Home Mortgage's objection to exemption.  American Home Mortgage has not suggested that it could object to the exemption under Fed. R. Bankr. P. 4003(b)(3), and the trustee, as evidenced by his filing of a report of no distribution, has decided not to invoke Fed. R. Bankr. P. 4003(b)(2) to object to the exemption as fraudulent.  Accordingly, 3210 Volta Place, which was wholly exempted, will not be available for distribution to unsecured creditors regardless of the outcome of the adversary proceeding.  Because 3210 Volta place will not be available for distribution to unsecured creditors and because the chapter 7 trustee has

submitted a report of no distribution, there is nothing left for the chapter 7 trustee to do and therefore no need to postpone discharging him.

Moreover, the outcome of the adversary proceeding will have no effect on the trustee's administration of the debtors' bankruptcy estates.  If American Home Mortgage prevails in the adversary proceeding, then to the extent that it has a lien that lien will remain unaffected by the debtors' forthcoming discharges.  11 U.S.C. § 522(c)(2).  Alternatively, if American Home Mortgage does not prevail in the adversary proceeding, then it will not have a lien.  Either way, 3210 Volta Place will be unavailable for the trustee to reach on behalf of unsecured creditors.  As reflected by the chapter 7 trustee's report of no distribution, there are no assets for unsecured creditors (including American Home Mortgage, to the extent it has an unsecured claim) to receive in this chapter 7 case, and therefore regardless of the outcome of the adversary proceeding, there will be no reason for the bankruptcy case to remain open.  An order follows.

[Signed and dated above.]


Copies to: Debtors; Debtors' attorney; Michael Russo, Esq. (counsel for American Home Mortgage); Chapter 7 Trustee.