The document below is hereby signed.

Signed: March 07, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANK OSTROFF and MARIA T. | ) | Case No. 09-00594 |
| RAMIREZ OSTROFF, | ) | (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE OVERRULING
<u>SECOND RENEWED OBJECTION TO EXEMPTION</u>

American Home Mortgage has filed a second renewed objection to the debtors' exemption of their homestead. The objection will be overruled for the following reasons.

On their Schedule C, the debtors claimed as exempt their homestead (certain real property located at 3210 Volta Place, N.W., Washington, D.C.), citing D.C. Code § 15-501(a)(1) (which permits exemption of "the debtor's interest, not to exceed $2,575 in value, in one motor vehicle"), listing the value of the claimed exemption as $1,300,000 and the current value of the property (without deducting the exemption) as $1,300,00. American Home Mortgage filed an objection to exemption, arguing that the exemption of the homestead should be denied because the debtors cited an inapplicable D.C. Code provision in support of

their exemption.  Notwithstanding that the debtors did cite a wrong exemption provision of the D.C. Code, the court dismissed American Home Mortgage's objection as untimely.

When the debtors amended their schedules D and F on December 1, 2009, to treat American Home Mortgage as unsecured (based on lack of perfection), American Home Mortgage filed a renewed objection to the debtors' exemption of the homestead.  The court overruled the renewed objection as untimely.

The debtors amended their Schedule C on December 29, 2009, to claim the property as exempt under D.C. Code § 15-501(a)(14) (the unlimited homestead exemption that applies in the District of Columbia), and listed the value of the claimed exemption as "Debtors' total aggregate interest-$1.3 million as of petition date" and the current value of the property (without deducting the exemption) as $1,300,000.  American Home Mortgage filed a second renewed objection to the claimed exemption, asserting that it has been prejudiced by the debtors' delay in amending their exemptions to assert § 15-501(a)(14) as the basis for their exemption of the homestead.[1]

American Home Mortgage has not been prejudiced.  The debtors exempted the entire value of their homestead on their original

---

[1] American Home Mortgage has not contended that the property was not exemptible under § 15-501(a)(14), but even if it did, that would fail (for reasons discussed later) to demonstrate prejudice that would alter the outcome.

Schedule C.  When American Home Mortgage failed timely to object to that exemption, the property became exempt, even though the property was claimed exempt under an erroneous provision of District of Columbia law.  11 U.S.C. § 522(l).  When the debtors amended their Schedule C to assert the proper provision of District of Columbia law for exempting the homestead, that did not undo the exemption of the homestead that had already occurred.  Instead, the amendment merely made a citation to the provision of District of Columbia law pursuant to which the property, which had already become exempt, was entitled to be claimed exempt.

The invocation of that exemption provision has not altered the other exemptions that the debtors have claimed with respect to other property.  If a further amendment were filed making an alteration in exemptions claimed with respect to other property, and that amendment's validity depended on the debtors' having exempted the homestead under § 15-501(a)(14) instead of under the original provision invoked, § 15-501(a)(1), American Home Mortgage will be able to object to that further amendment if it

has a basis for objection.[2] Accordingly, American Home Mortgage is in no worse position than if the amendment had not been made.

An order follows denying the second renewed objection, without prejudice to an objection to any future amendment of Schedule C to claim an exemption as to other property for which that exemption's validity turns on the homestead having now been claimed exempt under § 15-501(a)(14) instead of § 15-501(a)(1).

[Signed and dated above.]


Copies to: Debtors; Debtors' attorney; Chapter 7 Trustee; Michael N. Russo, Jr., attorney for American Home Mortgage and Ocwen Home Loans; Office of the United States Trustee.

---

[2] Assume that when a case commenced, a debtor's homestead had equity of $2,575 that was not exemptible in any amount under any provision, and that the debtor had an automobile exemptible under § 15-501(a)(1) for $2,575. Assume further that on the debtor's original Schedule C the entire value of the homestead was erroneously claimed to be exempt under § 15-501(a)(1), and became exempt for lack of a timely objection. (Assume that the automobile was not claimed to be exempt.) Assume further that the debtor later amended Schedule C to change from § 15-501(a)(1) to § 15-501(a)(14) the provision under which the homestead is claimed to be exempt, and also to claim exempt the automobile under § 15-501(a)(1). A creditor might object to the exemption of the automobile. The original Schedule C claimed an amount as exempt under § 15-501(a)(1), with respect to the homestead, that exhausted the $2,575 available under § 15-501(a)(1), and the creditor might argue that the $2,575 could not be restored as an amount available to exempt the automobile via an amendment that improperly claims the homestead to have been exemptible under § 15-501(a)(14).